Chief Justice Robertson,
delivered the opinion of the court.
Tbs appellees, as heirs of Cader Powell deceased, proceeded against the appellant, by . warrant for a forcible entry or detainer. The jury in the country found the appellant guilty of the forcible de-tainer charged. On a traverse to the circuit court, after an issue wat taken on the truth of the inquisition, the appellant moved the court to quash the warrant because; 1st, in describing the premises, the warrant did nót expressly state the county in which they were situated; 2nd, the warrant was in the alternative. The court overruled the motion; and the jury found the inquisition true.
The record does not show what evidence was given to the jury. We must, therefore, presume that every thing was proved which was necessary to entitle the appellee's to a verdict. We perceive no error in the admission of testimony.
The omission of the name, of the county, was not es-'essential. The land is sufficiently described. If it did not lie in the county of Pike, the appellant should have .shown the fact. The only object for stating the county, is to show that the magistrate had jurisdiction.
The inquest must be held on the land; Restitution could not be enforced out of the county in which inquest was held; a justice of the peace has no jurisdiction out of his county, and therefore, after an inquisition, and an issue upon it in the circuit court, it cannot he presumed that the land was in any other county of *154 state. Besides the description in the warrant primes fade, shows that the land was in Pike county;
Warrant, for “forcible entry or detain-er,” is good, especially after a traverse;
Denny and Triplett, for appellants; McConnell, for appellee.
A warrant for a forcible entry or detainer is good, especially after traverse to the circuit court, (Carpenter vs. Shepherd, IV Bibb, 501.) The jury having found the appellent guilty of “the forcible detainer,” and he having traversed the inquisition, the only question in the circuit court was; whether he was or was not guilty of the forcible detainer; and he cannot therefore, go back and object to the warrant, merely because it had charged him with a forcible entry or detainer.
Wherefore the judgment of the circuit court for restitution is affirmed.